Filed 6/28/2016 8:06:06 AM
Jo Ann Cervantes, District Clerk
Val Verde County, Texas
Sandy Garcia

CAUSE NO. 32666

| | | |
|---|---|---|
| **EDUARDO FLORES** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| | § | |
| *PLAINTIFF,* | § | |
| | § | |
| | § | |
| **VS.** | § | **VAL VERDE COUNTY, TEXAS** |
| | § | |
| **STATE AUTO PROPERTY &** | § | |
| **CASUALTY INSURANCE COMPANY** | § | |
| **AND KAREN SNAVELY** | § | |
| | § | 63RD  DISTRICT COURT |
| *DEFENDANTS.* | § | |

---

**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Eduardo Flores("Plaintiff"), and files this Plaintiff's **Original Petition** complaining of STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY ("State Auto") and Karen Snavely("Snavely"), (or collectively, "Defendants"), and for cause of action, Plaintiff would respectfully show the following:

### A. DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Level 1 of Texas Rules of Civil Procedure 190.2 and 169.

### B. PARTIES

2.     Plaintiff, Eduardo Flores, is an individual residing in Val Verde County, Texas at 115 Paloma Dr., Del Rio, Texas 78840.

3.     Defendant, STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY("State Auto"), is an insurance company doing business in Texas that may be served

1



by serving its agent, Corporation Service Company 211 East 7th Street, Suite 620 Austin, TX 78701.

4.      Defendant, Karen Snavely, is an adjuster in the course and working scope of employment with State Auto. Snavely can be served at the residential address listed with the Texas Department of Insurance: 4424 BAGBY AVE, WACO, TX 76711. Plaintiff requests service at this time.

## C. JURISDICTION

5.      The Court has jurisdiction over State Auto because State Auto engages in the business of insurance in the State of Texas, and the causes of action arise out of its business activities in the State of Texas, including those in Val Verde County, Texas, with reference to this specific case.

6.      The Court has jurisdiction over Snavely because he is a resident of the State of Texas who engages in the business of adjusting insurance claims in the State and Texas, and the causes of action arise out of his business activities in the State of Texas, with reference to this specific case.

## D. VENUE

7.      Venue is proper in Val Verde County, Texas, because the insured property is situated in Val Verde County, Texas. Tex. Civ. Prac. & Rem. Code §15.032.

## E. CONDITIONS PRECEDENT

8.      All conditions precedent to recovery have been performed, waived, or have occurred.

## F. AGENCY AND *RESPONDEAT SUPERIOR*

9.      Whenever in this petition it is alleged that State Auto did any act or omission, it is

meant that State Auto itself or its agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of State Auto or done in the normal routine, course and scope of the agency or employment of State Auto or its agents, officers, servants, employees, or representatives.

## G. FACTS

10.     Plaintiff is a named insured under a property insurance policy (the "Policy") issued by State Auto. The Policy insures, among other things, against losses from storm/tornado damage to Plaintiff's property, namely, the real property and improvements located at 115 Paloma Dr., Del Rio, Texas 78840 (the "Property").

11.     On or about 2/22/2016 during the policy period, a storm caused covered damage to the Property. The storm caused extensive damage to the roof, ceilings and fence.

12.     Shortly after the storm, Plaintiff noticed damage to his home. Plaintiff contacted State Auto to notify State Auto of the damage.

13.     Plaintiff submitted a claim, PR-0000000-125176, to State Auto against the policy for all roof damage, structural damage, water damage, and wind damage the Property sustained as a result of the storm/tornado.

14.     Plaintiff asked that State Auto honor its contractual obligations to cover the cost of repairs to Plaintiff's home.

15.     State Auto assigned Snavely to adjust the Claim. Defendants, State Auto and Snavely, conducted a substandard investigation of Plaintiff's claim, failed to thoroughly investigate Plaintiff's losses, and spent an inadequate amount of time on the investigation. Snavely failed to fully inspect any damage to the property.

16.     Despite obvious visible storm/tornado damage, Snavely, on his own behalf and on

3

behalf of State Auto verbally misrepresented to Plaintiff at the time of the inspection that the Property had minimal wind damage. Snavely repeated this misrepresentation, again on his own behalf and on behalf of State Auto, in a letter to Plaintiff dated 12:00:00 AM.

17.     Together, Defendants State Auto and Snavely set out to deny properly covered damages by performing a results-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

18.     Defendant State Auto failed to perform its contractual obligation to adequately compensate Plaintiff under the terms of the policy. All conditions precedent to recovery upon the policy have been performed by Plaintiff. State Auto's conduct constitutes a breach of the insurance contract between State Auto and Plaintiff.

19.     Even though Plaintiff's property sustained obvious damages caused by a covered occurrence, Defendants misrepresented to Plaintiff that the Policy provided coverage to Plaintiff for some of the damage, thus falsely claiming Plaintiff's home had not been damaged. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

20.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

21.     Defendants refused to adequately compensate Plaintiff under the terms of the Policy even though they failed to conduct a reasonable investigation of the claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS.  CODE §542.060(a)(7).

22.     Defendants failed to offer Plaintiff a reasonable explanation for why his claim was

4

being denied. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

23.     Defendant, State Auto, failed to timely acknowledge Plaintiff's claim, begin an investigation of the claim, and request all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of the claim. This conduct violated the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

24.     Defendant, State Auto, failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all the necessary information. This conduct was a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

25.     Defendant, State Auto, has delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received full payment for his claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

26.     Since the time Plaintiff's claim was presented to Defendant State Auto, the liability of State Auto to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, State Auto has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim. This conduct is a violation of State Auto's duty of good faith and fair dealing.

27.     All Defendants knowingly or recklessly made false representations, as described above, as to material facts. Alternatively, all Defendants knowingly concealed all or part of material information from Plaintiff.

28.     To date, Plaintiff has yet to receive full payment for the damages to which Plaintiff is entitled under the Policy. Plaintiff has suffered damages as a result of Defendants' actions described above. The mishandling of Plaintiff's claim also caused a delay in Plaintiff's ability to

fully repair his property, resulting in additional damages.

## H. CAUSES OF ACTION

**I.    BREACH OF CONTRACT (AGAINST State Auto)**

29.    Defendant State Auto had a contract of insurance with Plaintiff. Plaintiff met or performed all conditions precedent under the contract. State Auto breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

30.    Defendant State Auto is therefore liable to Plaintiff for breach of contract.

**II.    PROMPT PAYMENT OF CLAIMS STATUTE (AGAINST State Auto)**

31.    The Claim is a claim under an insurance policy with Defendant State Auto, of which Plaintiff gave State Auto proper notice. State Auto is liable for the Claim.

32.    Defendant State Auto violated the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.051 et seq., by:

33.    Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms State Auto reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055; Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or Delaying payment of the Claim following State Auto'S receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

34.    Defendant State Auto is therefore liable to Plaintiff for damages. In addition to Plaintiff's claim for damages, Plaintiff is further entitled to 18% interest and attorneys' fees as set forth in section 542.060 of the Texas Insurance Code.

**III.    UNFAIR    SETTLEMENT    PRACTICES/BAD    FAITH    (AGAINST    ALL
        DEFENDANTS)**

6

35.     Each of the foregoing paragraphs is incorporated by reference in the following.

36.     As explained further herein, Defendants violated Tex. Ins. Code § 541.060(a) by engaging in unfair settlement practices.

**DEFENDANT State Auto**

37.     Defendant State Auto engaged in unfair settlement practices by misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after State Auto'S liability had become reasonably clear; failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for State Auto's denial of a claim or offer of a compromise settlement of a claim; failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

38.     Each of the aforementioned unfair settlement practices was committed knowingly by Defendant State Auto and was a producing cause of Plaintiff's damages. State Auto is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff damages.

**DEFENDANT Snavely**

39.     Defendant Snavely was a contractor and/or adjuster assigned by State Auto to assist with adjusting the Claim. Snavely was charged with investigating the Claim and communicated with the insured about the Policy terms. Insurance adjusters are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, et seq., and are individually liable for their individual violations of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 486 (Tex. 1998).

40.     Snavely was tasked with the responsibility of conducting a thorough and reasonable

7

investigation of Plaintiff's Claim, including the discovery of covered damages and fully quantifying covered damages to Plaintiff's Property.

41.     Snavely conducted a substandard, results-oriented inspection of the Property.

42.     As such, Snavely failed to discover covered damages and/or fully quantify covered damages to Plaintiff's Property, as the Policy and Texas law require.

43.     Further, Snavely misrepresented material facts to Plaintiff, that is, the existence and true value of Plaintiff's covered losses. Additionally, Snavely failed to provide Plaintiff with a reasonable explanation as to why Snavely was not compensating Plaintiff for the covered losses, or the true value thereof.

44.     Thus, Snavely engaged in unfair settlement practices by: misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after State Auto'S liability had become reasonably clear; failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its adjuster's denial of a claim or offer of a compromise settlement of a claim; and/or failing to conduct a reasonable investigation of Plaintiff's Claim. Each of the aforementioned unfair settlement practices was committed knowingly by Snavely and was a producing cause of Plaintiff's damages. Snavely is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff damages.

## IV.    DTPA (AGAINST ALL DEFENDANTS)

45.     Each of the foregoing paragraphs is incorporated by reference here fully.

46.     At all material times herein, Plaintiff was a "consumer" who purchased insurance products and services from Defendants, and the products and services form the basis of this action.

47.     Defendants have violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

48.     Defendants represented the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law; Defendants represented goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities they do not have; Defendants failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiff into a transaction Plaintiff would not have entered into had the information been disclosed; Defendants, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Defendants took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code; generally engaging in unconscionable courses of action while handling Plaintiff's claim; and/or violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

49.     As a result of Defendants' violations of the DTPA, Plaintiff suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiff's damages.  Therefore, Defendants are liable to Plaintiff for violations of the DTPA.

50.     Further, Defendants knowingly and/or intentionally committed the acts complained of herein. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

## V.     BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING AGAINST <u>State Auto</u>

51.     Defendant State Auto breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when State Auto knew or should have known liability was reasonably clear. State Auto'S conduct proximately caused Plaintiff damages.

52.     Defendant State Auto is therefore liable to Plaintiff.

## VI.  ATTORNEYS' FEES

53.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

54.     Plaintiff is entitled to recover reasonable and necessary attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

55.     Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Bus. & Com. Code § 17.50(d).

56.     Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorneys' fees pursuant to sections 541.152 and 542.060 of the Texas Insurance Code.

### I. KNOWLEDGE

57.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff' damages described herein.

### J. DAMAGES

58.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

10

59.     As previously mentioned, the damages caused by 2/22/2016 hailstorm/tornado and/or windstorm/tornado have not been properly addressed or repaired in the months since the Storm/tornado, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

60.     For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

61.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

62.     For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

63.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

64.     For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

65. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## K.  STATEMENT OF RELIEF AND DAMAGES

66. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff is seeking monetary relief of less than $100,000, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seek pre-judgment and post-judgment interest at the highest legal rate.

## L.  RESERVATION OF RIGHTS

67. Plaintiff reserves the right to prove the amount of damages at trial. Plaintiff reserve the right to amend this petition to add additional counts upon further discovery and as the investigation continues.

## M.  JURY DEMAND

68. Plaintiff hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Val Verde County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## N.  REQUEST FOR DISCLOSURE

69. Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that

12

Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 194.2.

## O. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sum as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorneys' fees for the trial and any appeal of this case, for all costs of Court on Plaintiff's behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff is justly entitled to.

Respectfully submitted,

**ZAR LAW FIRM**

*/s/Matthew M. Zarghouni*
Matthew Zarghouni
State Bar No. 24086085
7322 Southwest Fwy, Suite 1965
Houston, Texas 77074
Office:(713) 333-5533
Fax:(832) 448- 9149
Matt@zar-law.com

**ATTORNEY FOR PLAINTIFF**